**AFFIRMED and Opinion Filed January 7, 2022**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-21-00897-CV**

**IN THE MATTER OF A.S.B., A JUVENILE**

**On Appeal from the 417th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 417-70001-2021**

## MEMORANDUM OPINION

Before Justices Schenck, Smith, and Garcia
Opinion by Justice Garcia

In this accelerated appeal, A.S.B., a minor, challenges the juvenile court's order waiving its exclusive jurisdiction over the felony charges against him and transferring him to a criminal district court for trial as an adult. In a single issue, appellant argues the juvenile court lacked jurisdiction because the summons was not properly served and did not include the requisite statutory language. Concluding appellant's arguments are without merit, we affirm the trial court's order.

### I. BACKGROUND

Appellant was arrested for the murder of his mother. He was fifteen years old at the time of the offense. The State petitioned the juvenile court to waive jurisdiction and transfer the case to criminal district court. After a hearing, the juvenile court

granted the State's petition and signed an order transferring the case. A.S.B. now appeals from that order.

## II. ANALYSIS

Appellant argues that the court lacked jurisdiction to hold the transfer hearing and transfer the case to criminal district court because the summons was not properly served on appellant, his father, or the ad litem, and the summons did not include the requisite language advising that the summons was for the purpose of considering discretionary transfer to district court.

Children ordinarily are not subject to criminal proceedings like adults. Instead, juvenile courts have exclusive original jurisdiction over cases involving what otherwise would be criminal conduct by children 10 years of age or older and under 17 years of age. TEX. FAM. CODE ANN. §§ 51.02(2)(a), 51.03(a)(1), 51.04(a); *see also Moon v. State*, 451 S.W.3d 28, 38 (Tex. Crim. App. 2014), *overruled on other grounds by Ex parte Thomas*, 623 S.W.3d 370 (Tex. Crim. App. 2021). But if a juvenile court determines that certain conditions are met after an evidentiary hearing, it may waive its jurisdiction and transfer a child to the district court for criminal proceedings. *Ex parte Thomas*, 623 S.W.3d 370, 372 (Tex. Crim. App. 2021); TEX. FAM. CODE ANN 54.02(a), (c).[1] The State initiates this process by filing a petition to transfer. *Id.* § 53.04.

---

[1] As applicable here, a case may be transferred if:

After the petition is filed, the juvenile court must set a hearing. *Id*. §53.05. Then, the court must issue a summons to the child and the child's parent, guardian, or custodian to give notice of the hearing. *See* TEX. FAM. CODE ANN §§ 53.06(a), 54.02(b).

"A copy of the petition must accompany the summons," and "[t]he summons must require the persons served to appear before the court at the time set to answer the allegations of the petition." *Id.* § 53.06(b); *see also* TEX. FAM. CODE ANN 54.02(b) (petition and notice requirements of §§ 53.04, 53.05, 53.06, and 53.07 must be met and summons must state that the hearing is for the purpose of considering discretionary transfer to criminal court). The summons must be served at least two days before the hearing. *Id*. §53.07. Failure to comply with §54.02(b) deprives a juvenile court of jurisdiction to transfer the case. *Ex parte Rodriguez*, 466 S.W.3d 846, 850 (Tex. Crim. App. 2015).

The hearing in this case was set for March 15, 2021. The supplemental clerk's record includes a copy of the summons served on appellant, with the officer's return

---

(1) the child is alleged to have violated a penal law of the grade of felony;

(2) the child was:

(A) 14 years of age or older at the time he is alleged to have committed the offense if the offense is a capitol felony, an aggravated controlled substances felony, or a felony of the first degree, and no adjudication hearing has been conducted concerning that offense . . . and

(3) after a full investigation and a hearing, the juvenile court determines that there is probable cause to believe that the child before the court committed the offense alleged and that because of the seriousness of the offense alleged or the background of the child the welfare of the community requires criminal proceedings.

TEX. FAM. CODE ANN § 54.02(a).

showing that the summons and petition were personally served on appellant on February 22, 2021. The summons notifies appellant that he is to appear in person "to answer the allegations of the Petition for Discretionary Transfer." Likewise, the record reflects that a summons and petition containing identical language were served on appellant's father on February 24, 2021.

Appellant also complains that the ad litem was not properly served. But the ad litem's appearance at the hearing is sufficient. Specifically, the family code provides that "[a] party, other than the juvenile, may waive service of summons by written stipulation or by voluntary appearance at the hearing." TEX. FAM. CODE ANN. §53.06(e).

The record demonstrates that appellant and his father were properly served with the summons and the ad litem waived service by appearing at the hearing. The record further reflects that the summons included the requisite statutory notice concerning the purpose of the hearing.

Accordingly, we resolve appellant's issue against him and affirm the trial court's order waiving jurisdiction and transferring appellant's case to criminal district court.

/Dennise Garcia/
DENNISE GARCIA
JUSTICE

210897F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

IN THE MATTER OF A.S.B., A JUVENILE, Appellant

No. 05-21-00897-CV

On Appeal from the 417th Judicial District Court, Collin County, Texas
Trial Court Cause No. 417-70001-2021.
Opinion delivered by Justice Garcia. Justices Schenck and Smith participating.

In accordance with this Court's opinion of this date, the trial court's order is **AFFIRMED**.

Judgment entered January 7, 2022.